IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEMIR SMAJLOVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15-cv-01243 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| ANN & ROBERT H. LURIE | ) |
| CHILDREN'S HOSPITAL OF | ) |
| CHICAGO, formerly known as | ) |
| Children's Memorial Hospital, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Semir Smajlovic claims that his former employer, Defendant Ann & Robert H. Lurie Children's Hospital of Chicago (the "Hospital"), discriminated against him on the basis of his disability by refusing to return him to his job and by failing to provide him a reasonable accommodation, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Before the Court is the Hospital's motion to dismiss Smajlovic's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26.) For the reasons stated below, the Hospital's motion to dismiss is granted.

## BACKGROUND

The following facts are taken from Smajlovic's second amended complaint.[1] The Hospital hired Smajlovic, who is a below-left-knee amputee, as an orthotic technician in December 2001. (Sec. Am. Compl. ¶¶ 10, 13, Dkt. No. 23.) On January 25, 2008, while he was still employed at the Hospital, Smajlovic underwent knee surgery due to an infection in his left knee. (*Id.* ¶ 15.) He

---

[1] For purposes of the present motion, the Court accepts as true all well-pleaded factual allegations set forth in the second amended complaint and views them in the light most favorable to Smajlovic. *See, e.g., Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)).

then applied for and received medical leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. (*Id.* ¶ 16.) When his FMLA leave expired on April 25, 2008, Smajlovic required additional time off from work due to an infection from the surgery; he thus applied for and received short-term disability. (*Id.* ¶¶ 17-18.) While on short-term disability, Smajlovic reported his medical status to "Triune Health Group LPD's nurse responsible for his case," who was to inform the Hospital of his recovery progress. (*Id.* ¶ 20.) Smajlovic also regularly updated his supervisor about his medical condition and reiterated his desire to return to work. (*Id.*)

In a letter dated June 26, 2008, the Hospital informed Smajlovic that his short-term disability benefits would expire on July 24, 2008 and recommended that he apply for long-term disability benefits. (*Id.* ¶ 19 & Ex. B at 1.) The Hospital also advised Smajlovic that "[s]ince [he] [had] been away from work for at least six months," his employment status would be changed to "separated" effective July 25, 2008. (*Id.*) His "separation" would remain in effect unless Smajlovic returned to work at the Hospital. (*Id.*) The letter goes on to state: "When you recover from your disability and wish to return to work at [the Hospital], we will work with you to try to find another position for which you are qualified." (*Id.* ¶ 19 & Ex. B at 2.) The Hospital provided the name and phone number of an individual Smajlovic could contact "to review employment opportunities," as well as the phone number of the Occupational Health Services Department, which would "help with any return to work issues related to fitness for duty." (*Id.*) The Hospital's letter ends with the following: "We wish you the best and hope you will be able to return to work soon." (*Id.* ¶ 19 & Ex. B at 3.)

In early August 2008, Smajlovic contacted the Hospital about returning to work. (*Id.* ¶ 21.) Shortly thereafter, he informed the Hospital that he was nearing the end of his recovery and would be able to return to work as soon as he received his physician's authorization. (*Id.* ¶ 22.) On

2

August 22, 2008, Smajlovic's physician released him to return to work. (*Id.* ¶ 23.) Smajlovic delivered the release to the Hospital's Human Resources Department the same day. (*Id.*) A representative from the Human Resources Department then notified Smajlovic to appear for occupational health screening at the Occupational Health Department. (*Id.*) When Smajlovic appeared, the screening nurse told him that she was "not allowed" to conduct the screening. (*Id.*) In a letter dated October 6, 2008, and by telephone the same day, the Hospital informed Smajlovic that it had decided not to rehire him in the capacity of orthotic technician. (*Id.* ¶ 24 & Ex. C.) The letter states that the Hospital's decision was "based on a lack of communication on [Smajlovic's] part regarding [his] return to work." (*Id.*)

On November 14, 2008, Smajlovic filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and, on July 6, 2012, the EEOC determined that "the evidence obtained in [its] investigation establishe[d] reasonable cause to believe that [the Hospital] maintains a leave of absence policy that discriminated against a class of employees, including [Smajlovic], because of their disability[.]" (*Id.* ¶¶ 7-8, 28-29 & Ex. A at 1.) Smajlovic received notice of his right to sue from the EEOC on November 10, 2014 and, on February 9, 2015, he filed this lawsuit against the Hospital. (*Id.* ¶ 9.)

In his second amended complaint, filed June 18, 2015, Smajlovic claims that the Hospital violated the ADA by refusing to return him to his job and by failing to engage him in a flexible give-and-take interactive process to determine appropriate accommodations. In support of its motion to dismiss, the Hospital argues that it was not required under the ADA to provide Smajlovic with a job-protected extended leave of absence and that, because he was unable to work for an extended period of time, Smajlovic is not a qualified individual with a disability for ADA purposes. With respect to his reasonable accommodation claim, the Hospital contends that

3

Smajlovic, in addition to not being able to show that he is a qualified individual with a disability, has failed to articulate any accommodation that he needed other than an extended leave of absence and thus he fails to state a cognizable cause of action.

## DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the short and plain statement must meet two threshold requirements. First, the complaint's factual allegations must be sufficient to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pleading facts merely consistent with a defendant's liability and legal conclusions disguised as factual allegations is insufficient. *See id.* This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *See Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### I. EEOC Determination

As an initial matter, it is unclear to what extent Smajlovic's claims here are related to his EEOC charge. To bring a claim under the ADA, a plaintiff must first file a charge with the EEOC and receive notice of the right to sue. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5). A plaintiff is barred from raising a claim in district court that was not first raised in his or her

EEOC charge, unless the claim is reasonably related to one of the EEOC charges. *Whitaker v. Milwaukee Cnty., Wis.*, 772 F.3d 802, 812 (7th Cir. 2014) (internal citations omitted).

While Smajlovic's second amended complaint references the EEOC's determination and includes a copy as an exhibit, it is unclear what specific allegations were included in his EEOC charge. The EEOC's determination, without any elaboration, simply states that Smajlovic alleged "he was discriminated against because of his disability, in that he was denied reasonable accommodations and discharged, in violation of the ADA." (Sec. Am. Compl., Ex. A at 1, Dkt. No. 23.) Smajlovic does not describe the factual allegations made in his EEOC charge; nor does he include a copy of the charge as an exhibit. The language in the EEOC's determination suggests that Smajlovic's charge was based on, or at least related to, the Hospital's leave of absence policy.

But the factual allegations in the second amended complaint do not support a claim based on the leave of absence policy and the parties make only vague references to it in their briefs. Smajlovic simply quotes the EEOC's language; nowhere does he allege facts to show how the Hospital's leave of absence policy "discriminated against a class of employees, including [him], because of their disability." (*Id.* ¶ 8 & Ex. A at 1.) In its reply brief, the Hospital notes that the EEOC's determination was based on its leave of absence policy and states that Smajlovic is "challenging [its] policy of separating employees after six months of leave." (Def. Reply in Support of Mot. to Dismiss at 4, Dkt. No. 34.) But none of the parties' filings explain what the Hospital's leave of absence policy actually is or on what basis Smajlovic is challenging the policy. While Smajlovic has suggested a claim that the Hospital's leave of absence policy is discriminatory, mere suggestion of a claim does not satisfy notice pleading standards. Smajlovic must plead facts from which the Court may infer that the Hospital's leave of absence policy— either on its face or as applied—violates the ADA.

Yet, while it is unclear to the Court whether Smajlovic's disparate treatment and reasonable accommodation claims are reasonably related to his EEOC charge, the Hospital has not argued that Smajlovic's claims fail to meet the "reasonable relationship" requirement. Nonetheless, to proceed Smajlovic's claims here must be factually related to—that is, that they "describe the same conduct and implicate the same individuals" as—his EEOC charge. *See Whitaker*, 772 F.3d at 812-13 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)) (emphasis omitted). As the second amended complaint must be dismissed anyway for the reasons that follow, for present purposes the Court merely reminds Smajlovic that, if he decides to amend his complaint again, the lack of a reasonable relationship between his amended claims and his EEOC charge could doom this action.

## II.  Smajlovic's Disparate Treatment Claim

Smajlovic claims that the Hospital, by terminating his employment, discriminated against him "based on its refusal to return him to his job in violation of the ADA." (Sec. Am. Compl. ¶ 30, Dkt. No. 23.) It appears—although it is by no means clear—that Smajlovic intends this to be a disparate treatment claim. To establish disability discrimination, Smajlovic must show that (1) he is a person with a disability within the meaning of the ADA, (2) he is qualified to perform the essential functions of his job either with or without reasonable accommodation, and (3) he suffered from an adverse employment decision because of his disability. *See Bekker v. Humana Health Plan, Inc.*, 229 F.3d 662, 669-70 (7th Cir. 2000).

The parties do not dispute that Smajlovic is a person with a disability for purposes of the ADA. Rather, the Hospital takes issue with the second element, asserting that Smajlovic is not a *qualified* individual with a disability. The Hospital argues that, because he was unable to work for over six months, Smajlovic could not perform the essential functions of his job and therefore is

not a qualified individual for ADA purposes. Indeed, it is well-established that an employee who is unable to work generally cannot perform the essential functions of his job and an extended leave of absence is not a reasonable accommodation that an employer must provide. *See, e.g.*, *E.E.O.C. v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 948-52 (7th Cir. 2001) (*en banc*); *Nowak v. St. Rita High Sch.*, 142 F.3d 999, 1004 (7th Cir. 1998) ("The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence.") (internal citations omitted); *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003) ("Inability to work for a multi-month period removes a person from the class protected by the ADA."); *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013) ("A plaintiff whose disability prevents her from coming to work regularly cannot perform the essential functions of her job, and thus cannot be a qualified individual for ADA purposes.") (citing *Waggoner v. Olin Corp.*, 169 F.3d 481, 484-85 (7th Cir. 1999)).

Smajlovic, however, correctly points out that the determination of whether a person is a qualified individual with a disability for purposes of an ADA claim must be made as of the time of the employment decision. *See, e.g.*, *Nowak*, 142 F.3d at 1003 (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996)). Smajlovic claims that he was terminated on October 6, 2008, at which time he had received a medical release from his physician and was able to return to work. According to Smajlovic, because he was able to return to work on the date of the employment action, he is a qualified individual with a disability under the ADA. In contrast, the Hospital appears to take the position that the employment action occurred on July 25, 2008, as, per the June 26, 2008 letter, Smajlovic was separated as of that date.

The Hospital asserts that the date of Smajlovic's separation or termination is a red herring. But, in fact, when such separation or termination occurred is crucial to the qualified individual

determination.[2] If the employment action occurred on October 6, 2008, it seems that Smajlovic was likely a qualified individual; if the relevant date is July 25, 2008, Smajlovic was apparently not able to return to work and thus was not qualified at that time.

The "unequivocal notice of termination" test adopted by the Seventh Circuit provides that termination occurs "when the employee receives unequivocal notice of his termination or when a reasonable person would know of the termination." *Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 486 (7th Cir. 2002) (quoting *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 134 (5th Cir. 1992)). Smajlovic alleges that his termination occurred on October 6, 2008 and, for purposes of the instant motion, the Court generally must accept the plaintiff's allegations as true. However, where an exhibit to the complaint conflicts with the plaintiff's allegations, the exhibit typically controls. *See, e.g.*, *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) (citing *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006)). Moreover, a court is not bound by the plaintiff's characterization of an exhibit but may independently examine the document and form its own conclusions. *Id.* (internal citation omitted).

The June 26, 2008 and October 6, 2008 letters, both included as exhibits to Smajlovic's second amended complaint, suggest conflicting views of when Smajlovic received unequivocal notice of his termination. The June 26th letter is not determinative in refuting Smajlovic's allegation that he was terminated on October 6th, and the October 6th letter lends plausibility to his allegation. Therefore, for purposes of this motion, the Court accepts Smajlovic's alleged date of termination as true. Moreover, whether Smajlovic's termination occurred on July 25, 2008 or October 6, 2008 appears to be a factual question to be determined by a jury applying the unequivocal notice of termination test. At this stage, however, the question is whether, taking

---

[2] It is unclear whether there is any difference between a "separation" and a "termination" under the Hospital's employment policies, procedures, and practices, and, if so, what it is.

October 6th as the relevant date, Smajlovic has stated a claim for relief under the ADA that is plausible on its face.

Even assuming that Smajlovic was able to work on the date of his termination, and thus was a qualified individual with a disability at the time of the alleged discriminatory action, he cannot establish a *prima facie* case of disability discrimination without pleading facts from which the Court may infer that he was terminated because of his disability. Smajlovic does not allege any facts to support an inference that he was terminated not because of his extended absence but because of his disability itself. The Seventh Circuit case law cited above makes clear that those two rationales are not one and the same. Nor has Smajlovic alleged that any similarly-situated employee received more favorable treatment than he did or that the Hospital's proffered reason for his termination was actually a pretext for intentional discrimination. While his reference to the Hospital's "false assertion" regarding the basis for its termination decision might be read to imply a pretext argument (*see* Sec. Am. Compl. ¶ 24, Dkt. No. 23), Smajlovic has not pleaded facts to show that the Hospital's articulated reason for his termination either had no basis in fact, did not actually motivate his termination, or was insufficient to motivate his termination. *See Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002) (internal citation omitted).[3] Smajlovic's circular and conclusory assertion that the Hospital, by terminating his employment, discriminated against him "based on its refusal to return him to his job in violation of the ADA," simply does not meet the requirements of Federal Rule of Civil Procedure 8(a). (Sec. Am. Compl. ¶ 30, Dkt. No. 23.)

---

[3] Smajlovic does allege that, while on short-term disability, he reported his medical status to the "Triune Health Group LPD's nurse responsible for his case," who was to inform the Hospital of his recovery progress, and also regularly updated his supervisor about his medical condition and reiterated his desire to return to work. (Sec. Am. Compl. ¶ 20, Dkt. No. 23.) But Smajlovic does not link those allegations to any argument that the termination rationale proffered in the Hospital's October 6, 2008 letter is pretextual.

### III. Smajlovic's Reasonable Accommodation Claim

Smajlovic's reasonable accommodation claim fails for similar reasons as his disparate treatment claim. He contends that the Hospital failed to engage him in a flexible give-and-take interactive process to determine appropriate accommodations and thereby failed to provide him with a reasonable accommodation in violation of the ADA. But nowhere does Smajlovic identify any reasonable accommodation that he sought or any reasonable accommodation that would have allowed him to perform the essential functions of his job.[4] In fact, Smajlovic's argument that he is a qualified individual with a disability because he was physically able to return to his position as an orthotic technician suggests that he did not see a need for any accommodation—that is, that he was able to perform the essential functions of his job without one. And while Smajlovic contends that his failure to accommodate claim is based on the Hospital's promise to work with him to try to find another position, he does not identify another position at the Hospital for which he is qualified and in which capacity he would like to work.

### CONCLUSION

Because Smajlovic has not provided reasonable notice of his claims—with respect to both reasonable accommodation and disparate treatment—those claims must be dismissed. Accordingly, the Hospital's motion to dismiss (Dkt. No. 26) is granted. Smajlovic's second amended complaint is dismissed without prejudice. He shall have until July 19, 2016 to file a third amended complaint that remedies the deficiencies discussed in this opinion.

---

[4] As discussed above, an indefinite or extended leave of absence is generally not a reasonable accommodation.

ENTERED:

Dated: July 5, 2016

_____

Andrea R. Wood
United States District Judge

11